```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

STEPHEN EZELL,                        )
                                      )
            Plaintiff                 )
                                      )
      v.                              )  Case No. 2:01 cv 637
                                      )
JOHN E. POTTER, POSTMASTER            )
GENERAL OF THE UNITED STATES,         )
                                      )
            Defendant                 )

OPINION AND ORDER

This matter is before the court on the Motion for Protective Order filed by the defendant, John Potter, on January 31, 2006. For the reasons set forth below, this motion is **GRANTED IN PART**.

Background

The plaintiff in this case, Stephen Ezell, is a letter carrier for the United States Postal Service in Valparaiso, Indiana. He originally filed a complaint alleging hostile environment, discrimination on the basis of race, gender, and age, and retaliation. After disposition by the District Court and appeal to the Seventh Circuit, the only claims remaining in this case are the discrimination claims. These claims center around the issuance of a Notice of Removal from employment, which was later rescinded through the union grievance process before Ezell's termination took effect.

After remand, this court reopened discovery on the issue of damages only. On December 8, 2005, Ezell requested an extension of the discovery deadline and that discovery be reopened as to

all issues.  After no response from the defendant, this court granted the plaintiff's motion and reopened full discovery. The defendant now seeks a protective order limiting discovery pertaining to the number and content of 33 personnel files Ezell has requested from the defendant due to the history of this case and the privacy interests of federal employees under the Privacy Act, 5 U.S.C. §552a *et seq*. The defendant also seeks to clarify the number of witnesses the plaintiff expects to call at trial.

## Discussion

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  However, Rule 26(c) provides that, upon good cause shown, the court may issue a protective order to shield a party from annoying, embarrassing, oppressing, or unduly burdensome discovery.  The court's order may dictate that "disclosure . . . may be had only on specified terms and conditions."  Rule 26(c)(2)

The court must make an independent determination of good cause before sealing a part of the record.  The moving party establishes good cause by showing that "disclosure will work a clearly defined and serious injury." **Hamilton v. State Farm Mutual Automobile Insurance Company**, 204 F.R.D. 420, 424 (S.D. Ind. 2001)(*quoting* **Pansy v. Borough of Stroudsburg**, 23 F.3d 772, 786 (3rd Cir. 1994)). *See also* **Patt v. Family Health Systems, Inc**. 189 F.R.D. 518, 522 (E.D. Wis. 1999), *aff'd*, 280 F.3d 749 (7th Cir. 2002) ("[S]uch burden must be satisfied with 'a partic-

ular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.'") (*quoting* 8 Wright & Miller, *Federal Practice and Procedure* §2035 (2d ed. 1994)). Once good cause is established, the court must satisfy itself that the proposed order 1) protects legitimately confidential information, 2) clearly demarcates the protected information, 3) states that the parties will act in good faith in deciding which parts of the record are confidential, and 4) "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." **Citizens First National Bank of Princeton v. Cincinnati Insurance Company**, 178 F.3d 943, 946 (7th Cir. 1999); **Pierson v. Indianapolis Power & Light Company**, 205 F.R.D. 646, 647 (S.D. Ind. 2002). The court has broad latitude to fashion a protective order to accommodate these competing interests under Rule 26(c). *See* **Seattle Times Company v. Rhinehart**, 467 U.S. 20, 36, 140 S.Ct. 2199, 2209, 81 L.Ed.2d. 17 (1984); **Citizens**, 178 F.3d at 945; **Hamilton**, 204 F.R.D. at 424. The district court's issuance of a protective order is reviewed for an abuse of discretion. **Williams v. Chartwell Financial Services, Ltd.**, 204 F.3d 748, 758 (7th Cir. 2000).

The fact that, by virtue of federal employment, an employee's records fall under the Privacy Act does not require the party seeking discovery of those records to present a higher showing of need than that required by the Federal Rules of Civil Procedure. *See* **Bosaw v. National Treasury Employees' Union**, 887

3

F. Supp. 1199, 1216 (S.D. Ind. 1995); ***Marozsan v. Veterans Administration***, No. S84-500, 1991 WL 441905, at *2-3 (N.D. Ind. June 24, 1999).  Rather, "a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP."  ***Bosaw***, 887 F.Supp. at 1216 (*quoting* ***Laxalt v. McClatchy***, 809 F.2d 885, 889 (D.C.Cir. 1987)).  The Privacy Act only becomes relevant in the "good cause" determination, as "the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context." ***Maroszan***, 1991 WL 441905, at *3 (*quoting* ***Laxalt***, 809 F.2d at 889).

Personnel records are not a legitimate category of confidential information, barring exceptional circumstances.  *See* ***Pierson***, 205 F.R.D. at 647.  In general, employment records are freely discoverable in discrimination cases.  *See* ***Jones v. Hamilton County Sheriff's Department***, No. IP 02-0808-C-H/K, 2003 WL 21383332, at *7 (S.D. Ind. June 12, 2003); ***Chavez v. Daimlerchrysler Corp.***, 206 F.R.D. 615, 622 (S.D. Ind. 2002).  Although the privacy interests of non-party employees weigh more heavily than do the privacy interests of parties, privacy concerns still do not warrant a protective order blocking disclosure of relevant performance, discipline, and departure information. *See* ***Pierson***, 205 F.R.D. at 647; ***Knoll v. American Telephone and Telegraph Company***, 176 F.3d 359, 365 (6th Cir. 1999).  According to ***Pier-***

4

*son*, "[c]haracterizing the [employment] records as those the disclosure of which could invade privacy rights of non-parties . . . is merely conclusory." 205 F.R.D. at 647.

The type of private information appropriate to confidentiality is more narrow: unlisted addresses and telephone numbers, marital status, social security numbers, wage information, medical and health insurance information, criminal history, credit information, and work problems unrelated to the plaintiff's claims. *See* *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558, at *2 (N.D. Ill. June 23, 2005); *Knoll*, 176 F.3d at 365; *Davis, L.C. v. Precoat Metals*, No. 01 C 5689, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) (holding that this type of information may be redacted, but directing that the personnel files shall further be viewed under protective order when the information is used for comparative purposes for the plaintiff's general pattern of discrimination claims).

Ezell seeks to discover the personnel files of his immediate co-supervisors, Tangela Wright and Mike Pavlides, and of Postmaster David Dew. The defendant does not object to the personnel file of Wright, and so it may be produced. According to the Seventh Circuit, Ezell set forth direct evidence of age discrimination based in part on statements made by Pavlides. *See* *Ezell v. Potter*, 400 F.3d 1041, 1051 (7th Cir. 2005). Postmaster Dew also directly was involved in the meeting leading to Ezell's Notice of Removal and helped formulate the basis for that Notice. *See* *Ezell*, 400 F.3d at 1044.  As such, prior complaints of

alleged discrimination by Dew and Pavlides are relevant to this case.  However, the plaintiff has failed to set forth what specific information contained in the personnel files, beyond these complaints, could possibly be relevant to his discrimination claims.  Thus, the plaintiff is entitled only to records showing complaints of discrimination lodged against Dew and Pavlides and may not obtain the remainder of these supervisors' personnel files.

Ezell also seeks the personnel files of the 30 other postal carriers with whom he works, arguing that each of these employees is a comparator based on age, race, or sex.  Under Ezell's reasoning, any discrimination plaintiff should be able to discover the personnel file of every single coworker who happens to share the plaintiff's job title, regardless of how numerous or truly comparable these coworkers may be.  The court declines to adopt this view, particularly when the plaintiff already has had one opportunity to conduct full discovery and is now on his second bite of the apple.

In his summary judgment briefing before the district court, Ezell listed coworkers Matt Walker, James Ritchea, Lyndon Hogg, Joan Hoptowit, Michael Daly, James Murfey, Sharon McKim, Sue Dingman, Cindy Lewin, Cecil Crownover, and James Jewel as similarly situated coworkers.  Ezell has offered no explanation why the other postal carriers with whom he worked are now comparators but were not at the time this case was filed.  Accordingly, Ezell only is entitled to the personnel files of these eleven coworkers

6

(and Tangela Wright), subject to the limitations set forth below.

The plaintiff is not entitled to the full personnel file of each employee, as there can be no possible relevance to certain information in these files.  Thus, the defendant may redact unlisted addresses and telephone numbers, marital status and information regarding children, social security numbers, wage information, medical and health insurance information, criminal history, credit information, and information regarding work problems unrelated to the plaintiff's claims from the personnel files prior to providing them to Ezell. *See **McGee***, 2005 WL 3215558, at *2; ***Knoll***, 176 F.3d at 365; ***Precoat Metals***, 2002 WL 1759828, at *4. In addition, the parties shall exchange this information under a protective order approved by this court.

While the defendant has objected to the plaintiff's proposed order, the defendant has not provided the court with an alternative order, nor has the plaintiff requested that the court enter his.  To resolve this incongruence, the parties shall file an agreed protective order consistent with this Opinion, or their own versions of such an order, by the date specified below.

Finally, the defendant objects to the plaintiff's 64-person witness list and asks that this court require the plaintiff to produce a "realistic" list of the witnesses he plans to call.  This matter recently was consented to the Magistrate Judge and now is set for a three day jury trial beginning August 7, 2006.  If the plaintiff does in fact plan to call 64 witnesses, he will need to make short work of it.  By the court's calculation, Ezell

7

would be limited to roughly 19 minutes per witness, assuming Ezell even would be permitted to consume the entire three days with the presentation of his case. Such permission is not likely. Accordingly, both parties shall file a list of witnesses they plan to call at trial by April 25, 2006, one month before the close of discovery.

_____

For the foregoing reasons, the Motion for Protective Order filed by the defendant, John Potter, on January 31, 2006, is **GRANTED IN PART**.  The parties are **ORDERED** to file an Agreed Protective Order consistent with this Opinion, or alternatively, their own versions of a protective order by April 7, 2006.  The parties are **ORDERED** to file a list of witnesses they plan to call at trial by April 25, 2006.  NO EXTENSIONS OF TIME WILL BE GIVEN.

ENTERED this 16th day of March, 2006

                                          s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge